NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3257

LESLIE V. ANTHONY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Leslie V. Anthony, of Dallas, Texas, pro se.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3257

LESLIE V. ANTHONY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA844E090064-I-1.

_____

DECIDED:  January 14, 2010

_____

Before NEWMAN, FRIEDMAN, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Leslie V. Anthony appeals the decision of the Merit Systems Protection Board ("MSPB") affirming the Office of Personnel Management ("OPM") denial of Mrs. Anthony's application for disability retirement.  OPM denied the application as untimely under 5 U.S.C. § 8451 because it was not filed within one year of separation from service and Mrs. Anthony did not show that she qualified for an exception to the filing deadline.  Because Mrs. Anthony's application was untimely under the controlling statute and because she does not argue that she qualifies for an exception to the rule, we affirm the decision of the MSPB.

BACKGROUND

Mrs. Anthony worked as a nurse at a veteran's hospital in Texas. During her time there she struggled with several physical health problems and injuries, as well as emotional problems caused by perceived hostility from her supervisors and coworkers. Mrs. Anthony sought medical treatment for these problems, and had to miss work for extended periods in connection to these medical conditions. Mrs. Anthony did not properly document or request leave for some of the work she missed.

On June 23, 2005, she received a notice of proposed removal informing her that she had been absent without leave for over three months. She was officially terminated from employment on July 29, 2005. For some reason, Mrs. Anthony's health benefits were not terminated commensurate with her employment termination, and she continued to receive and use her employee health benefits. Mrs. Anthony's health benefits were finally discontinued in 2007.

Mrs. Anthony filed an application for disability retirement with OPM in April of 2008, almost three years after her separation. OPM found that the application was untimely under 5 U.S.C. § 8451, which requires disability retirement applications to be filed within one year of separation unless the applicant can show that she was mentally incompetent at the time of separation, or became mentally incompetent before the expiration of the filing deadline.

In response to OPM's denial of her application, Mrs. Anthony submitted medical documentation of her mental and emotional disabilities including depression, anxiety disorder, and pain management concerns. She also submitted a personal account of her condition and it's effects on her ability to manage her daily life. She did not allege

mental incompetence, nor did her medical documentation suggest any. OPM found that Mrs. Anthony failed to show that she was mentally incompetent, and that her application was thus barred by the filing deadline.

Mrs. Anthony appealed to the MSPB, arguing on appeal that her application was untimely because her employer did not respond to her request for disability benefits paperwork. The MSPB ultimately agreed with the OPM's decision and adopted its opinion. Mrs. Anthony then appealed to this court.

## DISCUSSION

The scope of our review in an appeal from a decision of the MSPB is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mrs. Anthony argues on appeal that she did not know she had been removed from employment. She asserts that she believed her notice of removal was rescinded. She claims that she only discovered her termination upon the cancellation of her health benefits and that her application was filed within one year of that cancellation. She also explains that her health problems were caused by her employment, and that her strained relationship with her employer prevented her from obtaining the required information about her termination and her eligibility for disability benefits.

The record shows that Mrs. Anthony received and responded to her notice of removal, and that she was aware of the effective date of removal. There is no evidence in the record that her removal was rescinded. Mrs. Anthony has submitted no

documentation or correspondence that might give one the impression that her removal had been rescinded. Although Mrs. Anthony continued to receive health benefits from her former employer, residual health coverage does not indicate an employment relationship.

Employees must file for disability benefits within one year of separation from service, regardless of whether they feel they need the benefits at that time. Additionally, Mrs. Anthony's subjective experiences of an unresponsive employer and her ignorance of the filing deadline are not excuses recognized by the controlling statute. See 5 U.S.C. § 8451 et seq. Mrs. Anthony asserts several psychological conditions, but does not allege or show that she has ever been mentally incompetent.

Because we agree with the OPM that Mrs. Anthony's application for disability benefits was untimely and that she has not shown any legally acceptable excuse for the delay, we must affirm the decision of the MSPB.

## COSTS

Each party shall bear its own costs.

2009-3257        4